UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOSE MANDUJANO<br><br>Plaintiff,<br><br>v.<br><br>FREIGHT HANDLERS, INC.<br><br>Defendant. | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff JOSE MANDUJANO, by and through the undersigned counsel, hereby files this Complaint against the above named Defendant, FREIGHT HANDLERS, INC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff JOSE MANDUJANO, (hereafter "Plaintiff") against his former employer, Defendant FREIGHT HANDLERS, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendant had a practice of prematurely clocking out employees (including Plaintiff) using a handheld device, prior to the end of the workday. Consequently,

Defendant was not fully compensating all hours in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, JOSE MANDUJANO, a resident of Hillsborough County, was a former employee of Defendant who worked at FREIGHT HANDLERS INC.

6. Defendant FREIGHT HANDLERS, INC. is a corporation organized and existing under and by virtue of the laws of the State of Florida.

## COVERAGE

7. Defendant FREIGHT HANDLERS, INC. was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

8. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

9. Defendant FREIGHT HANDLERS, INC. was an employer within the definition of the FLSA, 29 U.S.C. § 203.

10. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

11. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

12. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

13. Plaintiff JOSE MANDUJANO was employed by Defendant

14. Plaintiff held a handler position at the time of separation.

15. Plaintiff's pay was allegedly production-based (based on freight handling), but it had been modified during the term of employment.

16. According to Defendant, Plaintiff's average week pay was $581.02 a week.

17. During his employment with Defendant, Plaintiff was classified as non-exempt.

18. Plaintiff did not fully satisfy the requirements for overtime exemptions set forth in the FLSA.

19. Plaintiff performed non-exempt duties (beyond the scope of freight handling) without the appropriate compensation.

20. For instance, Plaintiff spent several hours a week cutting boxes, a non-freight handling duty.

21. Additionally, Defendant had practice of prematurely clocking Plaintiff out using a hand-held device, prior to the end of the workday, before Plaintiff's duties had concluded.

22. Other employees and/or former employees of Defendant have raised similar allegations of time records alteration and even filed suit. However, Defendant's known practices have continued.

23. During the period covered by Plaintiff's employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, it is estimated that Plaintiff worked 8-10 hours of overtime each week.

25. Defendant was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

26. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

27. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29

C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

28. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 27 above.

29. Defendant failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

30. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgement interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement against Defendant, and the following damages:

   a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

   b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

   c. Pre-judgement interest;

   d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

   e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

32. Plaintiff requests a jury trial to the extent authorized by law.


Dated: February 24, 2017.                    Respectfully submitted,


**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff


s/ Luis Roberto Amadeo
Luis Roberto Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff