**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| JOSE MANDUJANO | : |
| Plaintiff, | : Case No.: 8:17-cv-479-T-30 TBM |
| v. | : |
| FREIGHT HANDLERS, INC. | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE VARIOUS AFFIRMATIVE DEFENSES**

Defendant Freight Handlers, Inc., by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Middle District of Florida, responds in opposition to Plaintiff Jose Mandujano's Motion to Strike Various Affirmative Defenses (ECF Doc. 18) as follows:

**I.   INTRODUCTION**

On or about February 24, 2017, Plaintiff filed a Complaint against Defendant alleging that he was not paid overtime compensation in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). (ECF Doc. 1). On April 25, 2017, Defendant timely filed its Answer and Affirmative Defenses. (ECF Doc. 9). On May 31, 2017, Plaintiff filed a Motion to Strike Various Affirmative Defenses. (ECF Doc. 18). ("Plaintiff's Motion"). Plaintiff seeks to strike Defendant's Affirmative Defenses 1, 4-11, and 13, arguing that these affirmative defenses are legally insufficient or otherwise not available in an FLSA action. Plaintiff also argues that Defendant's prayer for attorney's fees should be stricken.

Plaintiff's Motion, however, must be denied. As will be discussed herein, Defendant's affirmative defenses provide fair notice under Federal Rule of Civil Procedure 8.[1] Further, Defendant's affirmative defenses raise substantive factual and legal questions regarding Plaintiff's unpaid overtime claim, and Plaintiff has shown no prejudice resulting from Defendant's assertion of these affirmative defenses. For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Motions to strike affirmative defenses are a "disfavored, 'drastic remedy'" and are often considered "time wasters." *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (internal alterations omitted); *Tibensky v. C.D.C. Acquisition Corp.*, No. 605CV820ORL28DAB, 2005 WL 1949825, at *1 (M.D. Fla. Aug. 12, 2005). Such motions only serve to tax the courts' limited judicial resources and do not significantly advance litigation. *See Sembler Family P'ship No. 41, Ltd. v. Brinker Fla., Inc.*, No. 8:08-cv-1212-T-24MAP, 2008 WL 5341175, at *2 (M.D. Fla. Dec. 19, 2008) (denying plaintiff's motion to strike defendant's affirmative defenses and discouraging parties from "filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion.")

Motions to strike affirmative defenses are denied unless: 1) the affirmative defense has no relation to the controversy and may cause prejudice to one of the parties; or 2) the affirmative defense fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to "state in short and plain terms its defense to each claim against it." *Nobles*,

---

[1] In the interest of expediency, Defendant will voluntarily withdraw its laches (part of Affirmative Defense 7), accord and satisfaction (Affirmative Defense 10), and failure to mitigate (Affirmative Defense 13) defenses.

2015 WL 5098877, at *1.  Defenses deemed insufficient nevertheless may survive a motion to strike if they raise relevant and substantial factual and legal questions.  *Id.*  Even denials that do not meet the technical definition of an affirmative defense are not subject to strike.  *Id.*  Though the heightened *Twombly* pleading standard is discussed extensively in Plaintiff's Motion, courts in this District, including this Court, have long held that the *Twombly* standard does not apply to affirmative defenses.  *Nobles*, 2015 WL 5098877, at *2; *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011); *Ability Hous. of Ne. Fla., Inc. v. City of Jacksonville*, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at *2 (M.D. Fla. Mar. 2, 2016).

### A. Defendant's Affirmative Defense 1 is a specific denial and not subject to strike.

Defendant's first affirmative defense asserts that Plaintiff failed to state a claim upon which relief may be granted, which is a specific denial of Plaintiff's overtime claim. When a defendant labels a negative averment as an affirmative defense rather than a specific denial, the proper remedy is not to strike the statement, but to treat the statement as a specific denial. *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233 (S.D. Fla. 2009). Here, the Court should deny Plaintiff's motion to strike and preserve Defendant's first affirmative defense as a specific denial of Plaintiff's overtime claim.

### B. Defendant's good faith defenses under 29 U.S.C. §§ 259 and 260 are legally sufficient.  (Affirmative Defenses 4 and 5).

Plaintiff's motion to strike Defendant's good faith defenses under §§ 259 and 260 is a waste of the Court's resources.  Defendant's Fourth and Fifth Affirmative Defenses plainly provide fair notice of Defendant's intent to assert the good faith defenses available under 29 U.S.C. §§ 259 and 260.  *See* ECF Doc. 9 at 5.  In order for a defendant to provide fair notice of

3

these good faith defenses, the defendant need only aver that it at all times acted in good faith and had reasonable grounds for believing that its acts and omissions were not a violation of the FLSA, and it is not liable because it acted in conformity and in reliance on written administrative regulations, orders, rulings, and/or interpretations of the Administrator of Wage and Hour Division of the United States Department of Labor. *Zegers v. Countrywide Mortg. Ventures, LLC*, No. 6:07-cv-1893-Orl-22DAB, 2008 WL 728482, at *1-2 (M.D. Fla. Mar. 17, 2008). The defendant is not required to recite the elements of good faith, cite the precise legal authority on which it has relied, or present specific factual allegations in its answer. *Id.*; *see also Colon v. Wal-Mart Stores, Inc.*, No. 2:13-cv-464-FtM-29DNF, 2014 WL 1588463, at *2 (M.D. Fla. Apr. 21, 2014). As such, Plaintiff's motion to strike these affirmative defenses must be denied.

**C. Defendant's affirmative defense that all or part of the time for which Plaintiff seeks compensation is not compensable work time is legally sufficient. (Affirmative Defense 6).**

Though Plaintiff's Motion seeks to strike Defendant's Sixth Affirmative Defense, Plaintiff provides no specific argument whatsoever as to its alleged legal deficiencies. The Sixth Affirmative Defense raises relevant and substantive factual and legal questions as to whether Plaintiff performed compensable work activities, and the amount of time Plaintiff performed such activities, if any. Plaintiff has shown no prejudice caused by this affirmative defense. Accordingly, Plaintiff's motion to strike this affirmative defense must be denied.

**D. Defendant voluntarily withdraws its laches affirmative defense. (Affirmative Defense 7).**

In the interest of expediency, Defendant voluntarily withdraws its laches affirmative defense, which is part of Affirmative Defense 7.

### E. Defendant's estoppel and unclean hands defenses are legally sufficient. (Affirmative Defenses 7 and 8).

A defendant in an FLSA action may assert the estoppel and unclean hands affirmative defenses where the plaintiff has affirmatively misled the defendant regarding the number of hours worked or the plaintiff may have falsified his time records. *See Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *2 (M.D. Fla. 2008). Here, Defendant plainly put Plaintiff on fair notice of its estoppel and unclean hands defenses. Further, Defendant's estoppel and unclean hands defenses raise substantive factual questions regarding the 8+ hours of overtime hours per week that Plaintiff now purports to have worked. *Compare* ECF Doc. 1 at ¶ 24 *with* ECF Doc. 9 at 5-6. Plaintiff has shown no prejudice caused by Defendant's assertion of these defenses. Based on the foregoing, Defendant's estoppel and unclean hands affirmative defenses are legally sufficient and the Court should deny Plaintiff's motion to strike these affirmative defenses.

### F. Defendant's defense of set-off, offset and/or recoupment is legally sufficient. (Affirmative Defense 9).

Set-off is a valid defense to overtime claims under the FLSA. *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848-J-32MCR, 2009 WL 3583881, at *2 (M.D. Fla. Oct. 27, 2009). "A set-off is pay that an employee receives to which he is not otherwise entitled that is subtracted from any amount of overtime owed." *Id.* The defense of set-off is not subject to strike on a plaintiff's motion because resolution of the defense raises factual questions as to what was paid to the plaintiff and what was owed. *Id.* at *3. Defendant's Answer provides Plaintiff with fair notice of its intent to defend on the basis of set-off. Plaintiff makes no showing of any prejudice caused

by Defendant's set-off defense. Accordingly, the Court should deny Plaintiff's motion to strike this affirmative defense.

## G. Defendant voluntarily withdraws its accord and satisfaction affirmative defense. (Affirmative Defense 10).

In the interest of expediency, Defendant voluntarily withdraws its accord and satisfaction affirmative defense. (Affirmative Defense 10).

## H. Defendant's preliminary and postliminary activities defense is legally sufficient. (Affirmative Defense 11).

Plaintiff argues that Defendant's Eleventh Affirmative Defense should be struck as a "legal conclusion devoid of any facts that would indicate what activities Defendant alleges was preliminary or postliminary." (*See* ECF Doc. 18 at 13). Plaintiff's argument has no merit. Defendant's Eleventh Affirmative Defense plainly raises relevant and substantive factual questions as to whether Plaintiff performed compensable activities under the FLSA, such as whether his alleged activities were integral and indispensable to his principal activities as a freight handler. Further, as this Court recognized, an affirmative defense stated in general terms provides sufficient fair notice under Federal Rule of Civil Procedure 8. *Nobles,* 2015 WL 509887 at 2. The plain language of Defendant's Eleventh Affirmative Defense provides fair notice of its intent to defend against Plaintiff's unpaid overtime claim on the grounds that he engaged in non-compensable activities. *See* ECF Doc. 59 at 6.

Defendant's preliminary and postliminary activities defense is closely related to the controversy regarding Plaintiff's purported work hours and satisfies Rule 8's fair notice requirement. Plaintiff has shown no prejudice caused by Defendant's Eleventh Affirmative

Defense. For the foregoing reasons, the Court should deny Plaintiff's motion to strike this affirmative defense.

### I. Defendant voluntarily withdraws its failure to mitgate affirmative defense. (Affirmative Defense 13).

In the interest of expediency, Defendant voluntarily withdraws its failure to mitigate affirmative defense. (Affirmative Defense 10).

### J. Defendant's request for attorney's fees is not subject to strike.

While the FLSA does not authorize an award of attorney's fees and costs for a prevailing defendant, a defendant may recover its fees and costs in an FLSA action when the plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Aguilar v. ABC Supply Co., Inc.*, No. 2:10-cv-141-FtM-36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4, 2010). The courts in this district routinely deny plaintiff's motions to strike these prayers for relief, as it cannot be shown that defendants can prove no set of facts that would entitle them to such relief. *See Gonzalez*, 2009 WL 2391233, at *5 (denying plaintiff's motion to strike defendants' claim for attorney's fees); *Aguilar*, 2010 WL 2243753, at *2 (denying plaintiff's motion to strike defendant's stated intent to seek attorney's fees where "it is too early to make any determination whether or not the Defendant can prove a set of facts to support a future claim for attorney's fees."). Plaintiff's motion to strike Defendant's request for fees must be denied.

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike Affirmative Defenses 1, 4-9, and 11, or in the alternative, grant Defendant leave to replead.

Respectfully submitted this 14th day of June, 2017.

        KILPATRICK TOWNSEND & STOCKTON LLP

        s/Noelle A. Abastillas
        Noelle A. Abastillas, Esq. (*Admitted Pro Hac Vice*)
        Georgia Bar No. 211589
        1100 Peachtree Street, NE, Suite 2800
        Atlanta, GA 30309-4528
        Tel:   (404) 815-6056
        Fax:   (404) 541-3184
        Email: nabastillas@kilpatricktownsend.com

        Randall D. Avram, Esq. (*Admitted Pro Hac Vice*)
        North Carolina Bar No. 13403
        4208 Six Forks Road, Suite 1400
        Raleigh, NC 27609
        Tel:   (919) 420-1812
        Fax:   (919) 510-6106
        Email:  ravram@kilpatricktownsend.com

        BUSH ROSS, P.A.

        Bryan D. Hull, Esquire
        Florida Bar No.: 20969
        1801 N. Highland Avenue
        Tampa, FL 33602
        Tel:   (813) 224-9255
        Fax:   (813) 223-9620
        Email: bhull@bushross.com

        *Attorneys for Defendant Freight Handlers, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2017 the foregoing was filed electronically with the Clerk of the United States District Court for the Middle District of Florida with the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                s/Noelle A. Abastillas
                                                Attorney