# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSE MANDUJANO,

    Plaintiff,

v.                                        Case No: 8:17-cv-479-T-30TBM

FREIGHT HANDLERS, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Various Affirmative Defenses (Doc. 18) and Defendant's Response in Opposition (Doc. 19). Upon review, the Court concludes that Plaintiff's motion should be granted in part.

Plaintiff Jose Mandujano alleges that Defendant Freight Handlers, Inc. violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages. In response to Plaintiff's Complaint (Doc. 1), Defendant filed its Answer (Doc. 9) asserting thirteen affirmative defenses. Plaintiff subsequently filed the instant motion, seeking to strike nine of those defenses and Defendant's request for attorney's fees.

## DISCUSSION

An affirmative defense is a defense that "requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.,* 187 F.3d 1287, 1303 (11th Cir.1999). A defendant who pleads affirmative defenses

in its answer must state each defense "in short and plain terms." Fed. R. Civ. P. 8(b)(1). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike "are generally disfavored and will usually be denied unless it is clear the [affirmative defense] sought to be stricken is insufficient as a matter of law" or "has no possible relation to the controversy and may cause prejudice to one of the parties." *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-CV-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (internal citations omitted).

A defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial instead of striking it. *Traderplanet.com, LLC v. Found. for the Study of Cycles, Inc.*, No. 8:13-CV-3120-T-30TBM, 2014 WL 12620823, at *1 (M.D. Fla. May 22, 2014) (internal citation omitted).

Plaintiff asks the Court to strike nine of Defendant's affirmative defenses: Defendant's First Affirmative Defense (Failure to State a Claim), Fourth Affirmative Defense (Good Faith), Fifth Affirmative Defense (Good Faith Reliance on Legal Authority), Seventh Affirmative Defense (Laches and/or Unclean Hands), Eighth Affirmative Defense (Estoppel), Ninth Affirmative Defense (Setoff), Tenth Affirmative Defense (Accord and Satisfaction), Eleventh Affirmative Defense (Preliminary and Postliminary Activities), and Thirteenth Affirmative Defense (Failure to Mitigate

Damages). Defendant agrees to strike the Tenth and Thirteenth Affirmative Defenses, as well as the laches portion of the Seventh Affirmative Defense.

Plaintiff argues that the Court should strike the First, Fourth, Fifth, Seventh, Ninth, and Eleventh Affirmative Defenses because they fail to comply with Rule 8's pleading standard. The Court disagrees. The First Affirmative Defense is a specific denial that Defendant mislabelled as an affirmative defense, so the Court will treat this as a denial rather than striking it. The Fourth, Fifth, Seventh, Ninth, and Eleventh Defenses are written in "short and plain terms" and provide Plaintiff fair notice of the nature of the defenses Defendant plans to rely on. In addition, the facts related to these defenses "can be easily ferreted out during discovery." *Traderplanet.com*, 2014 WL 12620823, at *2. The Court will not strike these defenses because they may be relevant to Plaintiff's FLSA claim and will not unduly prejudice Plaintiff.

Plaintiff next argues that the Court should strike the Eighth Affirmative Defense because it is not a valid defense to an FLSA claim. The Eighth Affirmative Defense states that "Plaintiff is estopped from seeking payment for unpaid wages to the extent he failed to raise contemporaneous objections to his wages and any official records of hours worked versus what he purports to actually have worked." The FLSA does not require a plaintiff to provide notice of an alleged wage violation prior to bringing suit. In addition, "federal courts have [generally] rejected equitable estoppel as an affirmative defense to an FLSA action, even where an employee is required to, but fails to, record overtime hours worked." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (internal citations omitted); *accord Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-

34MCR, 2009 WL 3790447, at *4 (M.D. Fla. Nov. 9, 2009) (internal citations omitted). Although there is some case law to suggest that the Court can allow an estoppel defense under very limited circumstances, Defendant does not allege facts sufficient for the Court to infer that estoppel is applicable in this case. *Compare* Doc. 9 *with Brumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir.1972) (holding that an employee who purposefully understated her hours so that her company would not fire her for failing to meet its minimum production norms was estopped from recovering compensation for the extra hours she worked). Thus, the Court will strike this defense. If Defendant later uncovers evidence to warrant the application of an estoppel defense, it may move to amend its pleading at that time.

Lastly, Plaintiff argues that the Court should strike Defendant's request for attorney's fees because the FLSA does not provide fees to prevailing defendants. While that is true, a defendant may still recover its fees in an FLSA case when the plaintiff acted in bad faith. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985). Consequently, courts in this district routinely deny motions to strike these prayers for relief. *See, e.g., Aguilar v. Abc Supply Co.*, No. 2:10-CV-141FTM36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4, 2010); *Hansen*, 2009 WL 3790447, at *4.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Strike Various Affirmative Defenses (Doc. 18) is granted in part.

2. The Court hereby strikes the portion of Defendant's Seventh Affirmative Defense that relates to laches and the entirety of its Eighth, Tenth, and Thirteenth Affirmative Defenses from Defendant's Answer (Doc. 9).

**DONE** and **ORDERED** in Tampa, Florida, on June 19th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record